**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JOHNNY RAY CHANDLER, SR., |
| Plaintiff, |
| v. |
| FEDERAL BUREAU OF PRISONS, *et al.*, |
| Defendants. |

Civil Action No. 17-1781 (BAH)

**MEMORANDUM OPINION**

Defendants filed a motion to dismiss or, alternatively, for summary judgment, *see* ECF No. 4, which may dispose of this case. Consequently, on September 19, 2017, the Court issued an order advising Plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court. *See* ECF No. 6. The Order set October 20, 2017, as the deadline for Plaintiff's opposition or other response to Defendants' motion. The Clerk of Court sent the order to Plaintiff at his District of Columbia address.[1] Plaintiff neither filed a timely opposition nor requested an extension of time to file his response to Defendants' motion.

In order to give Plaintiff another opportunity to comply with the scheduling order, on November 2, 2017, the Court issued an order to show cause why the complaint and this civil action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* ECF No. 8. The order set November 15, 2017 as the new deadline for Plaintiff's

---

[1] The docket erroneously listed Plaintiff's address as the Federal Medical Center in Springfield, Missouri, but the Complaint, *see* ECF No. 1-1, provides Plaintiff's address as 6015 8th Street, N.W., Washington, DC 20011.

1

written response and again cautioned Plaintiff that the Court would dismiss this case with prejudice if he failed to file a timely response. Once again, Plaintiff did not file a timely response or otherwise request an extension of time to do so.

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal of a lawsuit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order" and may "operate[] as an adjudication on the merits." FED. R. CIV. P. 41(b). The D.C. Circuit has recognized that this rule provides a docket-management tool for "efficient and effective resolution of motions." *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 483 (D.C. Cir. 2016) (internal quotations and citation omitted). Further, "[d]istrict courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)); *see also Jones v. Horne*, 634 F.3d 588, 603 (D.C. Cir. 2011) ("Although Rule 41(b) refers to dismissal for these reasons on motion by defendant, 'the district court may dismiss [a complaint] on its own motion for want of prosecution or for failure to comply with a court order.'" quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2372 (3d ed. 2010)). In this case, the Court has tried "less dire alternatives" by granting an extension before resorting to dismissal, *Peterson*, 637 F.3d at 419, but without success since Plaintiff has failed to comply with any scheduling order for submission of a response to the pending motion. Therefore, the Court will dismiss this case with prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 27, 2017                    /s/ *Beryl A. Howell*

                                                                    BERYL A. HOWELL
                                                                    Chief Judge